IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHELBY EICHENBERGER, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RANSOM MEMORIAL HOSPITAL | ) | |
| CHARITABLE ASSOCIATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Shelby Eichenberger states and alleges the following Complaint against defendant Ransom Memorial Hospital Charitable Association, Inc.

## NATURE OF THE ACTION

1. This action arises from the unlawful termination of plaintiff for exercising her rights under the Family Medical Leave Act ("FMLA") and/or disability discrimination in violation of the Americans with Disabilities Act ("ADA") as amended ("ADAAA").

## PARTIES

2. Plaintiff is a citizen and resident of Ottawa, Kansas.

3. Defendant is an acute care medical facility and Kansas not-for-profit corporation with its principal place of business in Ottawa, Kansas.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2617 and 42 U.S.C. § 12117.

5. Defendant is incorporated in Kansas and has its principal place of business in this judicial district, giving rise to general personal jurisdiction over defendant in this Court. Moreover,

the damages alleged in this action arise out of defendant's activities in this judicial district, giving rise to specific personal jurisdiction over defendant in this Court.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because defendant's principal place of business is located in this judicial district, and all the unlawful employment practices described in this Complaint occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff was employed by defendant as a nurse from February 2014 to July 1, 2017.

8. Plaintiff performed her work at 1301 South Main Street in Ottawa, Kansas (the "Hospital").

9. On April 20, 2017, plaintiff experienced an asthma attack and was admitted for treatment at the Hospital.

10. Plaintiff was prescribed a maintenance inhaler by a physician employed by defendant and returned to work on May 2, 2017.

11. On June 11, 2017, plaintiff experienced the same symptoms and was prescribed steroids and breathing treatments.

12. On June 13, 2017, plaintiff was admitted to the intensive care unit at the Hospital for another asthma attack and began FMLA leave the same day.

13. Plaintiff then began taking three additional maintenance medications which were and have been effective.

14. On June 23, 2017, a physician employed by defendant authorized plaintiff's return to work on July 1, 2017.

15. Plaintiff's manager approved her for open shifts at the Hospital on June 29, 2017.

16. When plaintiff returned to work at the Hospital on July 1, 2017 – her first day back from FMLA leave – defendant terminated her employment.

17. Defendant had access to and knowledge of plaintiff's medical records on July 1, 2017.

18. Defendant perceived that plaintiff had an impairment which was neither transitory nor minor on July 1, 2017.

19. Defendant represented to plaintiff she was terminated for creating a "hostile work environment" in May 2017.

20. The reason given for plaintiff's termination was pretext for discrimination and/or retaliation for exercising protected rights under FMLA.

21. Defendant claims to have a policy and practice of "progressive discipline" for its employees.

22. Defendant did not follow its own progressive discipline policy with plaintiff.

23. Defendant never disciplined plaintiff for creating a "hostile work environment" in May 2017, June 2017, or before terminating her.

24. The Director of Human Resources signed a document on June 30, 2017 – one day before defendant terminated plaintiff – verifying plaintiff had no disciplinary action in the previous six months.

25. During her employment, plaintiff received positive performance reviews and was never subject to discipline.

26. Defendant praised plaintiff in its 2015-2016 annual report with the following testimonial from a grateful mother.

> Our visit to the Ransom Memorial Hospital Emergency Department was amazing. The staff was ALL so caring, comforting and genuine. I want to send a super special thank you to our nurse, Shelby Eichenberger and Dr. Schott … I have NEVER been more pleased with a healthcare facility. Shelby even comforted our baby girl and sang her Twinkle Twinkle Little Star. She is so amazing with her patients.

27. Defendant was still praising plaintiff in a public advertisement *after* terminating her employment for providing "Five Star Care" to patients in June 2017.

28. Plaintiff has complied with all private, administrative and judicial prerequisites to this action by filing a timely charge of discrimination with the United States Equal Employment Opportunity Commission on July 31, 2017 (Exhibit 1-1), then filing this action within 90 days of her "right to sue" letter dated November 29, 2017 (Exhibit 1-2).

29. The charge of discrimination provided the EEOC with sufficient opportunity to investigate the full controversy between plaintiff and defendant. Therefore, the scope of this action is as broad as the investigation the EEOC conducted or could have conducted in response to the charge of discrimination.

## COUNT 1
## FMLA RETALIATION

30. Plaintiff restates and incorporates by reference the allegations in paragraphs 1-29.

31. Defendant is a private sector employer of 50 or more employees for at least 20 work weeks in a calendar year.

32. Defendant is engaged in an activity affecting commerce under FMLA.

33. At all times relevant, defendant was a covered employer for purposes of FMLA.

34. Plaintiff worked in a location where at least 50 employees are employed within 75 miles.

35. Defendant employed plaintiff for at least 12 months.

4

36. Plaintiff worked at least 1,250 hours for defendant during the 12 months preceding the date of her termination.

37. At all times relevant, plaintiff was an employee of defendant eligible for FMLA leave as defined by 29 U.S.C. § 2601, *et seq.* and 29 U.S.C. 2611(2)(A)-(B).

38. Plaintiff suffered from a serious health condition within the meaning of FMLA and its implementing regulations.

39. Defendant was aware of plaintiff's serious health condition and plaintiff's need for FMLA leave.

40. FMLA makes it unlawful for any employer to interfere with, restrain or deny the exercise of any right provided by FMLA, or to retaliate against an employee for exercising any right protected by FMLA.

41. Defendant retaliated against plaintiff for taking FMLA leave by terminating her employment.

42. A causal connection exists between plaintiff's protected FMLA activity and her termination.

43. The reasons given by defendant for plaintiff's termination were a pretext to conceal illegal and retaliatory motives.

WHEREFORE, plaintiff respectfully requests judgment in her favor and against defendant on Count 1, for economic damages, compensatory damages, liquidated damages, punitive damages, reasonable attorneys fees and costs, prejudgment and postjudgment interest as allowed by law, and for such other relief as the Court deems fair and equitable.

## COUNT 2
## DISPARATE TREATMENT IN VIOLATION OF THE ADA AND ADAAA

44. Plaintiff restates and incorporates by reference the allegations in paragraphs 1-29.

45. At all times relevant, plaintiff was an employee under the ADA and ADAAA.

46. At all times relevant, defendant was an employer under the ADA and ADAAA.

47. Plaintiff was and is qualified, with or without reasonable accommodation, to perform the essential functions of her job as a nurse.

48. Defendant unlawfully and intentionally discriminated against plaintiff by terminating her employment based on a perceived disability or record of a disability.

49. Defendant acted in bad faith by interfering with, recklessly disregarding and denying plaintiff her legal rights when defendant terminated her employment.

50. The reasons given by defendant for plaintiff's termination were a pretext to conceal illegal motives.

51. Defendant's perceived disability or record of a disability was the motivating factor in defendant's decision to terminate plaintiff's employment.

52. As a direct and proximate result of defendant's actions, plaintiff has been deprived income, as well as other monetary and non-monetary benefits.

53. As a further direct and proximate result of defendant's actions and/or omissions, plaintiff has suffered a loss of self-esteem, humiliation, emotional distress and mental anguish and pain, and related compensatory damages.

54. Defendant's conduct was willful, wanton, and malicious, demonstrating a complete indifference to or conscious disregard for the rights of plaintiff, justifying an award of punitive damages in an amount sufficient to punish defendant and to deter defendant and other companies from such conduct in the future.

WHEREFORE, plaintiff respectfully requests judgment in her favor and against defendant on Count 2, for economic damages, compensatory damages, punitive damages, reasonable attorneys fees and costs, prejudgment and postjudgment interest as allowed by law, and for such other relief as the Court deems fair and equitable.

## JURY TRIAL DEMAND

Plaintiff respectfully requests a jury trial as to all issues triable by jury.

## PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

Respectfully submitted,



By /s/  *Matthew T. Geiger*
Matthew T. Geiger    KS # 19205
Benjamin R. Prell    KS # 21244
10000 College Boulevard, Suite 100
Overland Park, Kansas 66210
913-661-2430 (telephone)
913-362-6729 (facsimile)
mgeiger@geigerprell.com
bprell@geigerprell.com

ATTORNEYS FOR PLAINTIFF